# IN THE SUPREME COURT OF IOWA

No. 74 / 06-0549

Filed August 18, 2006

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

Complainant,

vs.

**THEODORE M. MEGGERS**,

Respondent.

---

On review of the findings and recommendations of the Grievance Commission.

The Grievance Commission of this court found that respondent attorney violated the Iowa Code of Professional Conduct for Lawyers and recommended a suspension of license. **LICENSE SUSPENDED.**

Charles L. Harrington and Laura Roan, Des Moines, for complainant.

No appearance for respondent.

**CARTER, Justice.**

This is a review under Iowa Court Rule 35.10 of the findings and recommendations of the Grievance Commission concerning respondent-attorney Theodore M. Meggers. The commission found that respondent has violated the Iowa Code of Professional Responsibility for Lawyers by (1) neglecting his professional responsibility to a client by failing to file a notice of appeal as directed by the client following an operating-while-intoxicated conviction, and (2) failing to respond to the Iowa Supreme Court Attorney Disciplinary Board's inquiry concerning that alleged neglect. The commission has recommended that respondent's license be suspended for an indeterminate period of time with no possibility of reinstatement for at least three months.

The chronology of significant events was as follows: On October 14, 2003, the Disciplinary Board was advised by a district associate judge that a client of respondent who had been convicted of operating a motor vehicle while intoxicated had been ordered to serve his sentence, notwithstanding his filing of an appeal bond, because respondent failed to file a notice of appeal after having been directed to do so by the client. On November 1, 2003, the Disciplinary Board wrote to respondent seeking his explanation with respect to the judge's complaint. That communication was sent by certified mail with return receipt requested, and respondent receipted for the mailing.

When no response was received from respondent, the Disciplinary Board sent additional mailings requesting a response that were mailed on November 24, 2003, and December 3, 2003. Both of those communications were returned by postal authorities with the explanation that the post office box to which they had been mailed (respondent's mailing address furnished to the Iowa Client Security and Disciplinary Commission) had been closed,

and no forwarding address had been provided. As a result of these circumstances, the Disciplinary Board filed a formal complaint against respondent and made service on the clerk of the supreme court as permitted by Iowa Court Rule 36.6(3). The clerk's mailing of a copy of the complaint to respondent was returned and marked undelivered.

The Grievance Commission staff made informal efforts to locate respondent, but proceeded to a hearing without him. Because respondent had not answered the complaint, the allegations contained therein were deemed admitted by the Grievance Commission. Based on those admissions, the Grievance Commission found that respondent had violated DR 6—101(A)(3) of the Iowa Code of Professional Responsibility for Lawyers by neglecting a client's legal matter and violated DR 1—102(A)(5) of that code by failing to respond to the inquiries of the Disciplinary Board. We find the record fully supports that finding. The Grievance Commission recommended that respondent's license be suspended for three months. We note, as did the commission, that his license is currently under suspension for failure to comply with the continuing legal education requirements.

Appropriate discipline depends on the nature of the alleged violations, the need for deterrence, the protection of the public, the maintenance of the reputation of the bar as a whole, and the attorney's fitness to continue in the practice of law. *Comm. on Prof'l Ethics & Conduct v. Havercamp*, 442 N.W.2d 67, 69 (Iowa 1989). We are satisfied that the period of suspension recommended by the Grievance Commission represents an appropriate discipline to be imposed for respondent's ethical violations.

We suspend respondent Theodore M. Meggers' license to practice law in this state indefinitely with no possibility of reinstatement for three months following the filing of this opinion. The suspension shall apply to all

facets of the practice of law. *See* Iowa Ct. R. 35.12(3). Upon application for reinstatement, respondent shall have the burden to prove he has not practiced law during the period of suspension and that he has in all other ways complied with Iowa Court Rule 35.21. Costs are assessed against the respondent. *See* Iowa Ct. R. 35.25(1).

**LICENSE SUSPENDED.**